# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

RAPID FUNDING LLC, a Colorado limited liability company,

        Plaintiff;

v.

MODESO LLC, a New York limited liability company, d/b/a RAPIDFUNDS,

        Defendant.

## COMPLAINT

Plaintiff, Rapid Funding LLC, a Colorado limited liability company ("**Plaintiff**"), through its undersigned counsel, Hatch Ray Olsen Sandberg LLC, hereby submits the following Complaint against Modeso LLC, a New York limited liability company d/b/a RapidFunds ("**Defendant**").

1.    This is an action for trademark infringement, false designation of origin, unfair competition, and related claims against Defendant based on Defendant's unauthorized and unlawful infringement of Plaintiff's RAPID FUNDING mark. Plaintiff brings this action under the Federal Lanham Act and common law to recover damages and enjoin Defendant's unlawful conduct and for other relief as set forth in this Complaint.

## JURISDICTION AND VENUE

2.    This is an action for trademark infringement and unfair competition under the Lanham Act (a.k.a Trademark Act of 1946, 15 U.S.C. §1051-1127, as amended), common law

trademark infringement, and related state law claims.

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Plaintiff's federal claims.

4. This Court has personal jurisdiction over Defendant because it has transacted business in this District, the actions giving rise to this lawsuit have occurred in this District, and Defendant has caused damages to Plaintiff in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

6. Plaintiff is a Colorado limited liability company with its principal place of business in Denver, Colorado. Among other things, it has been engaged in the business of providing financial services, namely commercial money lending, throughout the United States.

7. Upon information and belief, Defendant is a New York limited liability company, with its principal place of business in White Plains, New York. Defendant provides money lending services under the name RAPIDFUNDS throughout the United States.

**GENERAL ALLEGATIONS**

8. Plaintiff owns valuable rights in its RAPID FUNDING trademark.

9. Plaintiff's trademark rights derive from long standing and widespread use of the RAPID FUNDING mark dating back to at least December 15, 2000.

10. Plaintiff owns a U.S. trademark registration for the RAPID FUNDING mark. See U.S. Trademark Reg. No. No. 4,767,352, a copy of which is attached hereto as Exhibit 1.

11. Plaintiff also enjoys broad common law trademark rights in the RAPID FUNDING mark. Plaintiff's registered and common law trademark rights in the RAPID FUNDING mark are referred to herein as the "**RAPID FUNDING Mark**" or "**Plaintiff's Mark**."

12. Plaintiff has used the RAPID FUNDING Mark very broadly in interstate commerce in connection with its commercial money lending services.

13. Plaintiff has extensively advertised using the RAPID FUNDING Mark throughout the United States.

14. As a result of Plaintiff's long and extensive uses, the RAPID FUNDING Mark has become well known and highly respected in the commercial lending industry as a distinctive symbol of the highest quality services.

15. Plaintiff's services have been widely advertised and extensively promoted under Plaintiff's Mark, and Plaintiff's Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its exceedingly high quality services, and its goodwill.

16. Plaintiff enjoys remarkable success and an enviable reputation in its field in large part due to its use of, and rights in, Plaintiff's Mark.

17. As a result of Plaintiff's favorable reputation and considerable investment in and promotion of its goodwill, Plaintiff's Mark has become synonymous with Plaintiff and its high quality services.

18.     Plaintiff enforces its rights herein under Plaintiff's Mark in order to ensure Plaintiff's continued success and excellent reputation.

19.     Plaintiff's Mark has been extensively and continuously advertised and promoted to the public by Plaintiff through various means and modes, including, but not limited to, over the internet.  By reason of such advertising and promotion, Plaintiff has provided quality services to many customers.

20.     By reason of Plaintiff's advertising and promotion under Plaintiff's Mark, the public has come to recognize Plaintiff's services as solely emanating from Plaintiff.

## DEFENDANT'S MISCONDUCT

21.     Defendant is using the name RapidFunds ("**Defendant's Tradename**") in connection with lending services.

22.     Defendant's use of Defendant's Tradename is confusingly similar to Plaintiff's Mark.

23.     Defendant's use of Defendant's Tradename is likely to cause consumer confusion and a false association between Plaintiff's services and the services offered by Defendant, falsely leading consumers to believe that the services emanate from the source or that Plaintiff and Defendant are affiliated.

24.     On information and belief, such diversion has resulted in, and will continue to result in substantial and irreparable harm to Plaintiff, to consumers in this District, and to others.  Such use could tarnish the goodwill associated with Plaintiff's Mark.

25.     This offering to the public of information, services and/or activities by Defendant under Defendant's Tradename has been and is, without permission or authority of Plaintiff and

without any legitimate license to the Plaintiff's Mark.

26. By using Defendant's Tradename and offering services thereunder, Defendant has misrepresented and falsely described to the general public the origin and source of Defendant's activities and/or services so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services, or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendant's services.

27. Defendant's infringing activities are causing, or are likely to cause, irreparable injury to Plaintiff, including injury to its business reputation.

28. Defendant's infringing activities have, do and are likely to permit Defendant to pass off its services as those of Plaintiff, all to the detriment of Plaintiff, and to the unjust enrichment of Defendant.

29. On information and belief, Defendant's infringing activities have caused, currently cause, and are likely to continue to cause, damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.  On information and belief, Defendant has further passed off its services in interstate commerce, as those of Plaintiff by Defendant's activities and many continuing misrepresentations to the consuming public, members of which are likely to, and do, believe that Defendant's activities and related services emanate from or are associated with Plaintiff.

30. Defendant's infringing activities result in irreparable harm and injury to Plaintiff. Among other harms, the activities:

A.  Deprive Plaintiff of its absolute right to determine the manner in which its services are presented to the general public;

B.  Deceive the public as to the origin and sponsorship of such services;

C.  Wrongfully trade upon Plaintiff's reputation and exclusive rights in its trademark; and

D.  To the extent Defendant's services may be of inferior quality or unauthorized under law, irreparably harm and injure Plaintiff's reputation.

31. Plaintiff is entitled to an injunction restraining Defendant, its officer officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights.

32. Plaintiff is further entitled to recover from Defendant the damages, including treble damages, interest, and attorneys' fees and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## CAUSES OF ACTION

### COUNT I
### (TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT)

33. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

34. Plaintiff possesses a valid trademark registration issued by the U.S. Patent and Trademark Office for the RAPID FUNDING Mark.

35. Defendant's actions as described above, including Defendant's use of Defendant's Tradename to promote its business interests, is likely to cause confusion, or to cause mistake, or to

deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's services by Plaintiff. Defendant's conduct constitutes trademark infringement in violation of §32 of the Lanham Act (15 U.S.C. §1114).

36. Defendant's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's registered mark, as well as damages and irreparable injury to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, Defendant's continued use of Defendant's Tradename is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's Mark, and makes this case exceptional.

37. By virtue of the foregoing, Plaintiff is entitled to an award of treble damages under §35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

38. By virtue of the foregoing, Plaintiff is entitled to an award of attorneys' fees under §35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

39. By virtue of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

## COUNT II
## (TRADEMARK INFRINGEMENT UNDER §43(a)(1)(A) OF THE LANHAM ACT)

40. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

41. Defendant has used in commerce words, terms, and names that are likely to cause confusion, or to cause mistake or to deceive, as to whether Defendant is affiliated, connected, or associated with Plaintiff and/or as to whether Plaintiff originated, sponsored or approved of Defendant's activities.

42. By so acting, Defendant has violated § 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

43. Plaintiff has been and will continue to be damaged by such wrongful actions.

44. Because Defendant's actions, on information and belief, were intentional, willful, and/or deliberate, Plaintiff is entitled to an award of treble damages under §35(a) of the Lanham Act (15 U.S.C. §1117(a)).

45. On information and belief, this is an exceptional case, and thus Plaintiff is entitled to an award of attorneys' fees under §35(a) of the Lanham Act (15 U.S.C. §1117(a)).

46. By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

## COUNT III
## (COMMON LAW TRADEMARK INFRINGEMENT)

47. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

48. Plaintiff's Mark is distinctive and has acquired secondary meaning.

49. Defendant's actions, as alleged above, infringe Plaintiff's common law trademark rights under federal common law, Colorado's common law, and constitute acts of unfair competition.

50. By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

51. The infringing activities of Defendant, on information and belief, are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT IV
## (UNJUST ENRICHMENT)

52. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

53.     Defendant has benefited from the improper, unfair, and unauthorized use of Plaintiff's Mark and goodwill attendant thereto, as alleged above.

54.     Defendant has knowledge and fully appreciates the benefits it has received from Plaintiff as a result of such actions.

55.     Defendant would be unjustly enriched if it was permitted to retain the proceeds obtained from such actions.

56.     Equity and good conscience dictate that Defendant be required to account for and turn over to Plaintiff an amount equal to the reasonable value of the benefits conferred upon it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment against Defendant as follows:

A.     Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from infringing any of Plaintiff's rights in Plaintiff's Mark.

B.     Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from using any marks similar to Plaintiff's Mark that are likely to cause confusion or mistake as to whether Defendant is authorized by or affiliated with Plaintiff as to whether Defendant's services have been authorized or sponsored by Plaintiff.

C.     Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from engaging in unfair competition;

D.     Preliminarily and permanently enjoining Defendant, and all other persons

participating or acting in concert with it, from making a false representation as to the source, sponsorship, approval, or certification of services by its use of Plaintiff's Mark.

E. Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from making a false representation as to affiliation, connection, association with, or certification by another, by its use of Plaintiff's Mark.

F. An order of the Court directing Defendant to deliver up to Plaintiff all literature, advertisements, business forms, signs, website domains, and any other representations, regardless of form, which are in, or come to be in, Defendant's possession, custody, or control and which bear Plaintiff's Mark or any other confusingly similar variant to Plaintiff's Mark, and an order from the Court compelling Defendant to notify its direct customers, agents and representatives that Defendant's misuse of Plaintiff's Mark or any confusingly similar variant is not connected with Plaintiff.

G. An order of the Court directing Defendant to provide an accounting of all revenues and profits gained by Defendant while engaging in the acts complained of in this Complaint.

H. Awarding Plaintiff its actual damages, and awarding Plaintiff any additional damages that the Court deems just and equitable under the circumstances of this case.

I. Awarding Plaintiff treble damages in accordance with §35(a) of the Lanham Act (15 U.S.C. §1117) on the claim asserted under §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

J. Establishment of a constructive trust consisting of profits from or obtained by Defendant's wrongful acts to be held for the benefit of Plaintiff.

K. Awarding Plaintiff damages to which it is entitled based upon Defendant's unjust

enrichment.

L.    Awarding Plaintiff prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint through the date of judgment;

M.    Awarding Plaintiff its allowable costs and attorneys' fees; and

N.    Awarding Plaintiff such other and further relief as is just and equitable.

Dated this 4th day of September, 2015.

By: */s/ Jill Jacobs*
Robert W. Hatch, II
Jill M. Jacobs
Hatch Ray Olsen Sandberg LLC
730 Seventeenth Street, Suite 200
Denver, Colorado 80202
(303) 298-1800
*Attorneys for Plaintiff*

Plaintiff's Address:
4100 E. Mississippi Ave. #700
Denver, CO 80246